VAN DER VEEN, HARTSHORN AND pLEVIN
BY:   **Jerry A. Lindheim**
      **PA ID No.  53099**
      **1219 Spruce Street**
      **Philadelphia, PA 19107**
      **P: (215) 546-1000, ext. 203**
      **F: (215) 546-8529**      **ATTORNEY FOR PLAINTIFF**
      jlindheim@mtvlaw.com

| | |
|---|---|
| **SHANA RAMOS** : | **UNITED STATES DISTRICT COURT** |
| **90 E. Catawissa Street** : | **MIDDLE DISTRICT OF PENNSYLVANIA** |
| **Nesquehoning, PA 18240** : | |
| : | **No.** |
| **vs.** : | |
| : | |
| **BOROUGH OF NESQUEHONING** : | |
| **114 W. Catawissa Street** : | |
| **Nesquehoning, PA 18240** : | |
| : | |
| **SEAN T. SMITH** : | |
| **Individually and as Chief of Police/Police** : | |
| **Officer for the Borough of Nesquehoning** : | |
| **Police Dept.** : | |
| **114 W. Catawissa Street** : | |
| **Nesquehoning, PA 18240** : | |
| : | |
| **and** : | |
| : | |
| **JOHN DOE POLICE OFFICERS 1-10** : | |
| **Individually and as Police Officers for** : | |
| **the Borough of Nesquehoning Police Dept.** : | |
| **114 W. Catawissa Street** : | |
| **Nesquehoning, PA 18240** : | |

## COMPLAINT IN CIVIL ACTION

### Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983, § 1985

and § 1988, giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil

Rights Jurisdiction pursuant to 28 U.S.C. § 1343.

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Plaintiff was injured in the County of Carbon, within this Court's district.

<u>**Parties**</u>

4.     Plaintiff Shana Ramos ("Plaintiff") is an adult individual who, at all times relevant hereto, resided at the address indicated above.

5.     Defendant Borough of Nesquehoning is a municipality existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at the address indicated above.

6.      Defendant Borough of Nesquehoning owns, operates, manages, directs and controls the Borough of Nesquehoning Police Department, a law enforcement agency, which employs the other named defendants.

7.     Defendant Borough of Nesquehoning is the legal entity and municipal policymaker responsible for the Borough of Nesquehoning Police Department and possesses final policy-making and decision-making authority over the Borough of Nesquehoning Police Department and its officers pursuant to state and local law.

8.     Defendant Sean T. Smith is an adult individual who, at all times relevant hereto, was employed at the address indicated above as Chief of Police and/or a police officer with the Borough of Nesquehoning Police Department acting under color of state law. He is being sued in his individual capacity.

9.     Defendants John Doe Police Officers 1-10 are adult individuals who, at all times relevant hereto, were employed at the address indicated above as police officers with the

Borough of Nesquehoning Police Department acting under color of state law. They are being sued in their individual capacity.

10.     At all times relevant hereto, Defendants Smith and John Doe Police Officers 1-10 acted individually and/or through their agents under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania and the Borough of Nesquehoning.

11.     At all times relevant hereto, Defendants Smith and John Doe Police Officers 1-10 acted under color of state law and acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants, but each individual Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

12.     At all times relevant hereto, Defendants Smith and John Doe Police Officers 1-10 and/or their agents had the power to exercise his or her discretion to make decisions, take action or inaction, permit or utilize practices or permit or utilize policies and procedures within each respective role, without oversight or with meaningful review.

13.     At all times relevant hereto, Defendants Smith and John Doe Police Officers 1-10 acted in concert and conspiracy to improperly assault, employ excessive force and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitutions of the United States and the Commonwealth of Pennsylvania.

14.     The names of Defendants John Doe Police Officers 1-10 are unknown to the Plaintiff after having conducted a reasonable search with due diligence.

### **Factual Background**

15.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

16.     On or about February 9, 2021, Plaintiff was lawfully present at the property located at 90 E. Catawissa Street, Apartment 116 in Nesquehoning, Pennsylvania.

17.     On the aforesaid date and at the aforesaid place, Defendants, individually and in their official capacity, acting under color of state law, appeared with an alleged warrant issued to take photographs of the inside of Plaintiff's apartment. Plaintiff requested to see the warrant and, without cause or justification, in response thereto the Defendants, specifically Smith, kicked the door of the Plaintiff open, striking Plaintiff, and forcibly entered the apartment, during which Plaintiff was caused to suffer serious and debilitating bodily injuries, as will be described below.

18.     Defendants Smith and/or John Doe Police Officers 1-10 had no reasonable ground to engage in bodily contact with Plaintiff.

19.     Plaintiff did not engage in any conduct which justified the actions of Defendants Smith and/or John Doe Police Officers 1-10.

20.     The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or with reckless disregard of the truth, without cause or justification.

21.     The actions of Defendant Smith and/or John Doe Police Officers 1-10 were undertaken in the absence of justification, probable cause or other valid or reasonable lawful basis, and with the purpose of violating Plaintiff's constitutional rights.

22.     As a direct result of the actions of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff was deprived of the rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the Commonwealth of Pennsylvania.

23.     As a direct and proximate result of the conduct of all Defendants, Plaintiff suffered physical and bodily injuries, including but not limited to: right distal radius fracture and right wrist pain, all or some of which will be of a serious and permanent nature, and continues to

suffer from the aforesaid incident and has and/or will incur medical, hospital and/or psychiatric expenses in connection therewith.

24.    As a direct and proximate result of the conduct of all Defendants, Plaintiff continues to suffer a loss of her enjoyment of life, emotional distress, post-traumatic stress, depression, mental anguish, embarrassment, pain and suffering and has and/or will incur medical, hospital and/or psychiatric expenses in connection therewith.

25.    The injuries and damages sustained by Plaintiff resulted solely from the conduct, negligence, carelessness and recklessness of all Defendants, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

**COUNT I**
**PLAINTIFF RAMOS**
**v.**
**ALL DEFENDANTS**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

26.    Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

27.    As described hereinabove, Defendants Smith and/or John Doe Police Officers 1-10 knowingly, intelligently, negligently, maliciously and/or recklessly subjected Plaintiff to unreasonable and excessive force in the absence of any lawful basis or justification.

28.    The conduct of Defendants Smith and/or John Doe Police Officers 1-10 as described hereinabove was knowing, willful and exhibited a flagrant disregard for Plaintiff's constitutional rights and federally secured due process rights.

29.    As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, committed under color of state law, Plaintiff was deprived of her rights, privileges and immunities under the laws and Constitution of the United States, namely to be free from unreasonable and excessive force, to be secure in her person and property and to

due process and equal protection of law. As a result, Plaintiff continues to suffer harm in violation of her rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth amendments thereof, and 42 U.S.C. Section 1983.

30.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained physical injuries, loss of liberty, loss of her enjoyment of life, emotional distress, post-traumatic stress, depression, mental anguish, embarrassment, pain and suffering and financial losses, all to her detriment and harm.

31.     Defendants Smith and/or John Doe Police Officers 1-10 have by the above-described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983, deprived Plaintiff of her liberty and violated the constitutional rights of persons situated such as Plaintiff.

32.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained the injuries and damages as described herein.

**WHEREFORE**, Plaintiff demands judgment against the Borough of Darby in an amount in excess of $75,000.00 plus interest, costs, attorney's fees, and punitive damages.

**COUNT II**
**PLAINTIFF RAMOS**
**v.**
**ALL DEFENDANTS**
**ASSAULT AND BATTERY**

33.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

34.     At the aforesaid time and place, Defendants Smith and/or John Doe Police Officers 1-10, acting individually and/or in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly commit an assault and battery upon Plaintiff.

35.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained the severe and debilitating personal injuries set forth hereinabove, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

36.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been compelled and probably in the future will be compelled to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to her great loss and detriment.

37.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has incurred and in the future will incur expenses for the treatment of injuries, has been disabled and in the future will be disabled and not able to perform usual functions, has been limited and in the future will be limited and not able to perform usual functions of her employment and has been caused and in the future will be caused great pain and suffering.

38.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

39.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff may suffer severe loss of income and earning capacity in the future.

7

40.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been unable to attend to daily chores, duties and occupations as she once did prior to the incident and may be unable to do so for an indefinite time in the future.

41.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

42.     As a direct and proximate result of the assault and battery by Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has suffered physical pain, mental anguish, humiliation, post-traumatic stress, depression, embarrassment, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

43.     The actions of Defendants Smith and/or John Doe Police Officers 1-10 exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

44.     Defendants Smith and/or John Doe Police Officers 1-10 violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by inflicting an assault and battery upon Plaintiff.

45.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained the injuries and damages as described herein.

**WHEREFORE**, Plaintiff demands judgment against the Borough of Darby in an amount in excess of $75,000.00 plus interest, costs, attorney's fees, and punitive damages.

## COUNT III
## PLAINTIFF RAMOS
### v.
## ALL DEFENDANTS
## EXCESSIVE FORCE

46.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

47.     At the aforesaid time and place, Defendants Smith and/or John Doe Police Officers 1-10, acting individually and/or in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly commit an assault and battery upon Plaintiff and subjected Plaintiff to unreasonable and excessive force.

48.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained the severe and debilitating personal injuries set forth hereinabove, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

49.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been compelled and probably in the future will be compelled to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to her great loss and detriment.

50.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has incurred and in the future will incur expenses for the treatment of injuries, has been disabled and in the future will be disabled and not able to perform usual functions, has been limited and in the future will be limited and not able to perform usual functions of her employment and has been caused and in the future will be caused great pain and suffering.

51.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

52.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff may suffer severe loss of income and earning capacity in the future.

53.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has been unable to attend to daily chores, duties and occupations as she once did prior to the incident and may be unable to do so for an indefinite time in the future.

54.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

55.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, acting as aforesaid, Plaintiff has suffered physical pain, mental anguish, humiliation, post-traumatic stress, depression, embarrassment, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

56.     The actions of Defendants Smith and/or John Doe Police Officers 1-10 exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

57.     Defendants Smith and/or John Doe Police Officers 1-10 violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by

inflicting an assault and battery upon Plaintiff and subjecting Plaintiff to unreasonable and excessive force.

58.     As a direct and proximate result of the conduct of Defendants Smith and/or John Doe Police Officers 1-10, Plaintiff sustained the injuries and damages as described herein.

**WHEREFORE**, Plaintiff demands judgment against the Borough of Darby in an amount in excess of $75,000.00 plus interest, costs, attorney's fees, and punitive damages.

**COUNT IV**
**PLAINTIFF RAMOS**
**v.**
**ALL DEFENDANTS**
**NEGLIGENCE**

59.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

60.     The negligence, carelessness and/or recklessness of all Defendants, consisted, *inter alia*, of the following:

a.     engaging in a verbal and/or physical altercation with Plaintiff;
b.     impeding Plaintiff's freedom of movement;
c.     forcibly entering Plaintiff's apartment in an excessive and unsafe manner;
d.     engaging in a pattern of conduct in assaulting Plaintiff which all Defendants knew of should have known involved an unreasonable risk of causing injury and if it were caused, might result in illness, bodily harm, severe emotional distress and/or mental trauma;
e.     engaging in conduct which constitutes an outrageous violation of societal norms and exceeded all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community;
f.     failing for formulate, adopt and/or enforce polices and procedures on entering home, executing on warrants and excessive use of force;
g.     authorizing, condoning, downplaying and/or dismissing apparent actions and violations of constitutional rights;
h.     such other and further acts and/or omissions to act as may be revealed through discovery which is in the exclusive possession and/or control of Defendants.

61.     As a result of the negligence and carelessness of all Defendants, acting as aforesaid, Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer physical

pain, mental anguish, humiliation, inconvenience and loss of life's pleasures and may continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

62.     As a result of the negligence and carelessness of all Defendants, acting as aforesaid, Plaintiff has been obligated to receive and undergo medical attention and care for her injuries and to incur various medical expenses for said care.

63.     As a result of the negligence and/or carelessness of all Defendants, acting as aforesaid, Plaintiff sustained severe and debilitating personal injuries more specifically described hereinabove, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

64.     By reason of the negligence and/or carelessness of all Defendants, acting as aforesaid, Plaintiff has been compelled and probably in the future will be compelled to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to her great loss and detriment.

65.     As a further result of the negligence and/or carelessness of all Defendants, acting as aforesaid, Plaintiff has suffered a loss of life's pleasures and have in the past, are presently and will in the future undergo severe pain and mental suffering as a result of which he has and will in the future be unable to attend to her usual duties, all to her further loss and detriment.

66.     As a further result of the negligence and/or carelessness of all Defendants, acting as aforesaid, Plaintiff has suffered a significant loss of wages and/or a decrease in earning capacity and/or power that may continue for an indefinite time into the future, all to her further loss and detriment.

**WHEREFORE**, Plaintiff demands judgment against the Borough of Darby in an amount in excess of $75,000.00 plus interest, costs, attorney's fees, and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them individually, jointly and severally, as follows:

a.  Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

b.  Damages for pain and suffering;

c.  Punitive damages in an amount the Court shall consider to be just, reasonable and fair;

d.  Attorney fees and the costs of this action in accordance with 42 U.S.C. Section 1988 and/or 18 U.S.C. Section 1964(c); and

e.  Such other relief as this Court shall consider to be fair and equitable.

VAN DER VEEN, HARTSHORN AND LEVIN

DATE:                  BY: _____
                                          Jerry A. Lindheim, Esquire
                                          PA ID:  53099
                                          1219 Spruce Street
                                          Philadelphia, PA  19107
                                          (215) 546-1000, ext. 203
                                          jlindheim@mtvlaws.com
                                          Attorney for Plaintiff

# VERIFICATION

Shana Ramos

I, _____, verify that I am the Plaintiff herein

and that the facts set forth in the foregoing Complaint are true and correct to the best of my

knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S.

Section 4904 relating to unsworn falsification to authorities.

Signed: _Shana ramos_____     Dated: Mar 16, 2021